## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

SHALONDA WELLS
FOR KW, MINOR                                                        PLAINTIFF

V.                          CASE NO.: 4:16-CV-00915-KGB-BD

NANCY BERRYHILL, Acting Commissioner,
Social Security Administration                                      DEFENDANT

## RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections

The following Recommended Disposition ("Recommendation") has been sent to

Judge Kristine G. Baker.  Either party may file written objections with the Clerk of Court

within fourteen (14) days of filing of this Recommendation.  Objections must be specific

and must include the factual or legal basis for the objection.  An objection to a factual

finding must identify the finding of fact believed to be wrong and describe the evidence

that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized.  And, if

no objections are filed, Judge Baker can adopt this Recommendation without

independently reviewing the record.

### II.    Background

On December 21, 2016, Ms. Wells filed this lawsuit, without the help of a lawyer,

challenging the Commissioner's decision ending her minor child's disability status.  (#2)

The Court appointed counsel for Ms. Wells.  (#3)  The Commissioner responded to the

complaint with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), (2), and (6). (#9) In the motion, the Commissioner asserts that this Court lacks jurisdiction over Ms. Wells's complaint, because she did not file it within sixty days of her receipt of notice of the Appeals Council's decision.

In her response to the motion to dismiss (#10), Ms. Wells contends that, after receiving the Appeals Council's decision on or around October 18, 2016, she contacted her local Social Security Administration and was told the appeal to the District Court would have to be filed no later than December 21, 2016. (*Id*.) She asserts that she relied on the date provided by the local SSA office when she filed her complaint in District Court on December 21, 2016. (*Id*.)

Because the Commissioner attached an affidavit to her motion to dismiss, the Court converted the motion to a motion for summary judgment. The Court notified the Commissioner that if she wanted to pursue the motion, she would have to provide a statement of undisputed facts, as required by local rules. Further, the Court notified Ms. Wells of her opportunity to file a supplemental response, opposing the motion, and to respond to the Commissioner's statement of undisputed facts by providing opposing affidavits signed by Ms. Wells or others. (#11 at 2)

In response to the Court's order, the Commissioner filed her statement of undisputed facts. (#12) Ms. Wells has not responded.

# III.    Discussion

Under Rule 56 of the Federal Rules of Civil Procedure, a party asserting that a fact is genuinely disputed must support the assertion by citing to materials in the record including "affidavits or declarations."  If a party fails to support an assertion of fact or fails to address another party's assertion, the Court may consider the fact undisputed for purposes of the motion and grant summary judgment if the motion and supporting materials, including the facts considered undisputed, show that the moving party is entitled to it.  FED. R. CIV. P. 56(c) and (e).

Here, the Commissioner has provided an affidavit supporting her statement of undisputed facts.  (#9-1, #12)  Ms. Wells has neither countered with a statement of facts nor come forward with an affidavit or other support for the assertions in her response.  Accordingly, the Court will deem the Commissioner's facts undisputed.  FED. R. CIV. P. 56(e)(2).

The Commissioner's facts establish that on October 30, 3015, an Administrative Law Judge issued a partially favorable decision finding that Ms. Wells's minor child's disability ended on September 11, 2015, due to medical improvement.  (Docket entry #12 at 1)  Ms. Wells requested review of the decision.  (*Id*.)  On October 13, 2016, the Appeals Council sent Ms. Wells notice of its action and of her right to commence a civil action within sixty days.  The notice was mailed to Ms. Wells at her last-known address.  (*Id*.)  Allowing Ms. Wells sixty days, plus an additional five days to receive notice of the

Appeals Council's decision, Ms. Wells's time for filing an appeal with this Court ended on December 17, 2016. See 42 U.S.C. §405(g) (providing that a claimant may obtain a review of the Commissioner's final decision through a civil action commenced within sixty days after the mailing of notice of such a decision); see also 20 C.F.R. § 422.210(c); 20 C.F.R. §§ 404.901, 416.1401 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5–day period."). Ms. Wells did not file this civil action until December 21, 2016, four days after the time expired. (#2)

The sixty-day time period is not jurisdictional, but rather constitutes a statute of limitations. *Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975)). Equitable tolling of the sixty-day limitation is allowed in cases "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *City of New York*, 476 U.S. at 480 (quoting *Eldridge*, 424 U.S. at 330). In the absence of equitable tolling, failure to comply with the sixty-day limitation warrants dismissal. See *Bess v. Barnhart*, 337 F.3d 988, 989-90; *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988) (per curiam).

Ms. Wells has not come forward with evidence from which the Court can conclude that equitable tolling of the limitations period is justified in this case. See *Bess*, 337 at 990 (no tolling where claimant did not receive notice because of his failure to notify the

SSA of his new address); *Turner*, 862 F.2d at 710 (8th Cir. 1988) (per curiam)(noting that equitable tolling has been allowed only in cases where evidence establishes that the government has hindered claimant's attempts to exercise rights by acting in a misleading or clandestine way).

**IV.**   **Conclusion**

The Court recommends that the Commissioner's motion for summary judgment (#9) be GRANTED, and Ms. Wells's complaint be dismissed.

DATED this 18th day of April, 2017.


_____
UNITED STATES MAGISTRATE JUDGE